IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**NORMAN V. WHITESIDE,** *et al.,*

    **Plaintiffs,**

  vs.                                Civil Action 2:08-CV-875
                                        Judge Graham
                                        Magistrate Judge King

**TERRY COLLINS,** *et al.,*

    **Defendants.**


## OPINION AND ORDER

Plaintiffs, state inmates, allege denial of their constitutional rights by various officials of the Ohio Department of Rehabilitation and Correction and employees at various state prisons. In a *Report and Recommendation* issued November 24, 2009, Doc. No. 54, the United States Magistrate Judge recommended that the claims of plaintiffs Greathouse and Gover be dismissed for failure to exhaust available administrative remedies, that plaintiff Whiteside's claims relating to disciplinary proceedings, access to the courts, freedom of expression and retaliation be dismissed, that plaintiff Whiteside's due process claims based upon Ohio Admin. Code §5120-9-06(C)(28),(50) and (51) be dismissed as to certain defendants and forms of relief sought, but be permitted to proceed as to other such claims as against other defendants. The Magistrate Judge also recommended that motions for interim injunctive relief be denied. *Id.* The Magistrate Judge also ordered plaintiff Huston to specify, in writing, his intention to pursue his claims. *Id.* This matter is now before the Court on plaintiff Whiteside's objections to that *Report and Recommendation*, Doc. No. 65, which the Court will consider *de novo. See* 28 U.S.C. §636(b); F.R. Civ. P. 72(b).

Plaintiff Whiteside first objects to the Magistrate Judge's

occasional reference, throughout the 37-page *Order and Report and Recommendation*, to a plaintiff "Whitehouse." This clerical error is simply immaterial. This objection is without merit.

Plaintiff Whiteside purports to represent the interests of plaintiff Huston, who has made no response to the *Order and Report and Recommendation*. Plaintiff Whiteside is not an attorney licensed to practice in Court; although he may represent his own interests, he cannot represent the interests of any other plaintiff, including plaintiff Huston. Because plaintiff Huston has not responded to the order directing him to articulate his intention with respect to this litigation, the claims asserted by plaintiff Huston are **DISMISSED.**[1]

Moreover, because plaintiffs Greathouse and Gover have filed no objection to the *Report and Recommendation,* their claims will be dismissed without prejudice for failure to exhaust available administrative remedies.

Plaintiff Whiteside objects, first, to the recommendation that his claims of denial of equal protection be dismissed. The original complaint alleges that this plaintiff was treated differently from "other white inmates," *Complaint*, ¶38, or from "other inmates," *id.,* ¶¶29, 30, 38-40, 62. The Magistrate Judge reasoned that such claims were conclusory, did not identify plaintiff Whiteside's own race and failed to identify a protected suspect class. *Report and Recommendation,* pp. 12-13. This Court agrees with that assessment. Although plaintiff Whiteside attempts to assert new allegations in support of these claims in his objections, that procedure is not the proper vehicle for seeking leave to amend his pleadings.

The *Report and Recommendation* also recommended that plaintiff

---

[1] Plaintiff Huston has apparently been released from prison. *See* "Mail Returned as Undeliverable," Doc. No. 63.

Whiteside's claims of denial of access to the courts be dismissed because this plaintiff failed to allege any impairment of a direct appeal, a habeas corpus action or a civil rights claim addressing conditions of confinement. *Report and Recommendation,* pp.13-16. Plaintiff Whiteside objects to that recommendation, alleging that the defendants' actions impaired his ability to pursue a civil action against a pharmaceutical company. *Objection,* p.4. However, the litigation referred to by plaintiff Whiteside is not within the categories of prisoner litigation that enjoy protected status. *See Lewis v. Casey,* 518 U.S. 343, 349 (1996); *Thaddeus-X v. Blatter,* 175 F.3d 378, 391 (6th Cir. 1999). Plaintiff's objection in this regard is without merit.

Plaintiff also alleges that his First Amendment right of freedom of expression was violated when he was told that he could not use the word "mop closet" in his letters to other inmates. The Magistrate Judge recommended that claims in this regard be dismissed because plaintiff's use of the term, construed by prison officials as code for sexual relations between plaintiff and staff, "directly undermines prison security, safety and morale by implying that such behavior, *i.e.,* sex with female prison guards, will be tolerated." *Report and Recommendation,* pp. 18-19 (citing *Fisher v. Goord,* 981 F.Supp. 140, 175 (W.D.N.Y. 1997)). Plaintiff objects, arguing that defendants should be required to give fair notice of the prohibition and then establish a substantial governmental interest in that prohibition. *Objections,* p.5.

As an initial matter, the Court notes that correspondence between inmates is not legal correspondence entitled to heightened scrutiny under the First Amendment. *Cf. Jones v. Caruso*, 569 F.3d 258, 268 (6th Cir. 2009). Moreover, even plaintiff appears to concede that prison officials have a legitimate interest in discouraging even the appearance of improper relations between inmates and staff. *See*

*Objections,* p.5. Thus, the first and critical factor under the *Turner* analysis has been satisfied. *See Turner v. Safley,* 482 U.S. 78, 89 (1987). Finally, plaintiff's own allegations make clear that plaintiff had unambiguous notice as to the prohibited language. Accordingly, plaintiff's objections in this regard are without merit.

Plaintiff Whiteside also asserted claims of retaliation in violation of the First Amendment. The Magistrate Judge reasoned that plaintiff had failed to articulate any protected conduct on his part and offered no more than conclusory allegations of actual retaliation. *Report and Recommendation,* p.20. In his objections, plaintiff refers to ¶20 of his rambling original complaint, which refers to a July 2006 Court of Claims trial during which plaintiff interrogated certain defendants as witnesses. *Complaint,* p.7, Doc. No. 4. The Court notes, however, that that event and the ensuing placement of plaintiff in segregation occurred more than two years prior to the institution of this action in September 2008. All such claims, then, are barred by the two-year statute of limitations applicable to the claims asserted in this action. *See Browning v. Pendleton,* 869 F.2d 989 (6th Cir. 1989)(§1983 claim arising in Ohio must be brought within two years after the accrual of the cause of action). Although plaintiff attempts, in his objections, to assert allegations not asserted in either the original or the amended complaint, the Court will not entertain that attempt on objection to the *Report and Recommendation*.

The *Report and Recommendation* also recommended the dismissal of plaintiff Whiteside's claims that his right to procedural due process was violated in connection with certain disciplinary proceedings. Specifically, the Magistrate Judge noted that placement of a prisoner in segregation does not qualify as an "atypical and significant hardship" entitled to constitutional protection. *See Sandin v. Conner,* 515 U.S. 472

4

(1995)(a prisoner has a liberty interest only in forms of restraint that impose atypical and significant hardship in relation to the ordinary incidents of prison life). The Magistrate Judge also noted that the transfer of an inmate to another institution, other than a "supermax" facility, does not implicate constitutionally-protected liberty interests. *Report and Recommendation*, p. 23 (citing *Wilkinson v. Austin*, 545 U.S. 209, 222 (2005). Plaintiff's objections to the *Report and Recommendation* in this regard, *Objections,* p.8, simply disagree with this reasoning but do not persuasively point to any error in that reasoning. Plaintiff's objections are without merit.

Finally, the Magistrate Judge recommended that plaintiff Whiteside's requests for interim injunctive relief be denied, reasoning that plaintiff had failed to establish a strong likelihood of success on the merits. *Report and Recommendation,* pp. 31-34. This Court agrees.

Accordingly, plaintiff's objections to the *Report and Recommendation* are **DENIED.** The *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED.**

The claims of plaintiffs Huston, Greathouse and Gover are **DISMISSED.** All claims of plaintiff Whiteside are **DISMISSED except** the due process claims based on Ohio Admin. Code §5120-9-06(C)(28)(50) and (51) as against the ODRC and MaCI defendants.

This order resolves Doc. Nos. 17, 21, 37, 50 and 54. The Clerk is **DIRECTED** to **REMOVE** those motions from the Court's pending motions list.

Defendants' motion for leave to depose the plaintiff, Doc. No. 64, is **GRANTED** on such conditions as the institution shall impose.

s/ James L. Graham  
James L. Graham  
United States District Judge
