```
       IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF OHIO
                 EASTERN DIVISION
```

**NORMAN V. WHITESIDE,**

        **Plaintiff,**

  vs.                                    **Civil Action 2:08-CV-875**
                                                  **Judge Graham**
                                                  **Magistrate Judge King**

**TERRY COLLINS,** *et al.,*

        **Defendants.**


## REPORT AND RECOMMENDATION

      The only claims remaining in this action are those of plaintiff Norman V. Whiteside against the MaCI and ODRC defendants, alleging that Rules (C)(28), (50) and (51) under O.A.C. § 5120-9-06 are vague and lack fair notice.  *Opinion and Order*, Doc. No. 66.  *See Complaint*, ¶¶A, 24, 26, 32; Doc. No. 29, pp. 10-14.[1]  This matter is before the Court on *Plaintiff Whiteside's Motion for Temporary Restraining Order/Preliminary Injunction*, Doc. No. 71, and *Defendants' (Lambert, Willingham, Terrill, Perry, Stanley, Gossard, Collins, Clark, Lazaroff, Haskins, Workman) Motion for Judgment on the Pleadings*, Doc. No. 83 ("*Motion for Judgment on the Pleadings*").

**I.**    *MOTION FOR JUDGMENT ON THE PLEADINGS*

      Defendants argue that they are entitled to judgment on the pleadings because (1) plaintiff's action is untimely, and (2) plaintiff's action is barred because he previously filed a separate action in the Ohio Court of Claims based on the same acts and omissions

---

[1] The claims of all other plaintiffs, and all other claims asserted by plaintiff Whiteside, have been dismissed.  *Opinion and Order*, Doc. No. 66.

as the instant case.

### A. Statute of Limitations

Plaintiff alleges that he was charged with violating rules under O.A.C. § 5120-9-06(C), specifically Rules (C)(28), (C)(50) and (C)(51), on August 21, 2006. *See*, *e.g.*, *Complaint*,¶ A, 24-26; Doc. No. 29, pp. 10-14.[2] Plaintiff filed the *Complaint* on September 18, 2008.

Defendants argue that the *Complaint* should be dismissed because it was filed more than two years after the claims arose and is therefore barred by the applicable two-year statute of limitations. In opposition, plaintiff submits a declaration, sworn under penalty of perjury pursuant to 28 U.S.C. § 1746, that he delivered his initial *Complaint* to a prison official for mailing on August 14, 2008, *i.e.*, within the two-year filing period. Doc. No. 102, p. 2.[3] Accepting plaintiff's declaration as true, the *Motion for Judgment on the Pleadings* on the basis of statute of limitations is without merit because the *Complaint* was filed less than two years following the relevant event. *See Houston v. Lack*, 487 U.S. 266 (1988)(filing by inmate is effective upon deposit in prison mailbox); *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (*per curiam*) (a *pro se* prisoner's "complaint should be deemed timely filed as of the date it was submitted to prison authorities for forwarding to the court clerk").

---

[2] Plaintiff Whiteside does not specifically allege in the *Complaint* that (C)(51) lacks fair notice. *Complaint*, ¶¶ A, 24, 26 and 32. In later filings, he alleges that (C)(51) also lacks fair notice. Doc. No. 29, pp. 11-12. However, because Plaintiff Whiteside initially alleged that "other rules under O.A.C. § 5120-9-06" lack fair notice, *Complaint*, ¶ 24, the Court liberally construed the allegations in the *Complaint* to include Rule (C)(51). *See Order and Report and Recommendation*, Doc. No. 54, p. 8 n.9.

[3] Plaintiff also avers that he placed the *Amended Complaint*, Doc. No. 15, in the prison mailbox on February 20, 2009. *Id.*

**B.    Action Filed in Ohio Court of Claims**

Defendants also contend that plaintiff's remaining claims cannot proceed in this Court because he previously filed a lawsuit in the Ohio Court of Claims based on the same acts and omissions.  *Motion for Judgment on the Pleadings*, p. 2 (citing *Whiteside v. Madison Correctional Institution*, Ohio Court of Claims Case No. 2007-07621, attached thereto as *Exhibit B*, and, *inter alia*, *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 951-52 (6th Cir. 1987) (*en banc*)).  Plaintiff disagrees, arguing that (1) the Court may not consider matters outside the pleadings, *i.e.*, *Exhibit B*, when ruling on the *Motion for Judgment on the Pleadings*, and (2) the lawsuit filed in the Ohio Court of Claims does not foreclose the instant litigation because the actions are different.  Doc. No. 102, p. 3.

Plaintiff's first argument is without merit.  The United States Court of Appeals for the Sixth Circuit has previously held that a motion for judgment on the pleadings is converted into a motion for summary judgment upon "presentation of evidence outside of the pleadings":

> In our view, Rule 12(c) requires only one action by the district court for the conversion to a summary judgment motion to occur: failure to exclude presented outside evidence. . . . This Court has found that the mere presentation of evidence outside of the pleadings, absent the district court's rejection of such evidence, is sufficient to trigger the conversion of a Rule 12(c) motion to a motion for summary judgment.

*Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006).  *See also Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) ("If the district court considers evidence outside the complaint, it effectively converts the motion to dismiss to a motion for summary judgment.").  In the case *sub judice*, defendants' *Motion for*

3

*Judgment on the Pleadings* is effectively converted to a motion for summary judgment because the Court will consider the exhibits attached to that motion. Moreover, because plaintiff has also offered a substantive response to the defendants' motion, the Court concludes that consideration of the motion by reference to the standards governing motions for summary judgment will not prejudice plaintiff.

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Under Ohio law, the filing of an action against the State of Ohio in the Ohio Court of Claims constitutes a waiver of a plaintiff's right to proceed against a state agent or employee in another court, including a federal court: "Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee[.]" Ohio Rev. Code Ann. § 2743.02(A)(1). The Sixth Circuit has construed this provision as requiring a plaintiff who sues in the Ohio Court of Claims to waive his federal causes of action. *Leaman*, 825 F.2d at 951-52; *Thomson v. Harmony*, 65 F.3d 1314, 1318 (6th Cir. 1995) ("Thus, our circuit interpreted the Court of Claims Act as establishing a *quid pro quo*, in which the state consents to be sued in exchange for a

4

plaintiff's waiver of claims against the state's employees.").

Plaintiff contends that *Leaman* is inapplicable here because his state action and the current litigation "are totally different with respect to operative facts[.]" Doc. No. 102, p. 3. In support of this assertion, plaintiff notes that only constitutional claims, *e.g.*, due process claims, are asserted in the instant action, while only "state issues," *e.g.*, "property, false statements and medical issues," were asserted in the action in the Court of Claims. *Id*. Plaintiff's argument, however, is misplaced. Section 2743.02(A)(1) specifically refers to the same "act" or "omission," not to an "allegation" or "claim." *Id.*; *Thomson*, 65 F.3d at 1319. Therefore, the statute operates as a bar even if the actions in the Court of Claims and federal court do not "share the same legal or theoretical foundation[.]" *Thomson*, 65 F.3d at 1319. The instant case involves the same acts or omissions as were alleged in plaintiff's action in the Court of Claims. Both actions are grounded in the acts or omissions that occurred in August 2006 underlying and relating to plaintiff's rules violations. *See*, *e.g.*, *Complaint*, ¶¶ 24-28; *Amended Complaint*; Doc. No. 29, pp. 10-14; *Exhibit B*, attached to *Motion for Judgment on the Pleadings*. Because this case involves the same acts or omissions alleged by plaintiff in *Whiteside v. Madison Correctional Institution*, Ohio Court of Claims Case No. 2007-07621, plaintiff has waived his claims against defendants in this litigation. Accordingly, it is **RECOMMENDED** that *Defendants' (Lambert, Willingham, Terrill, Perry, Stanley, Gossard, Collins, Clark, Lazaroff, Haskins, Workman) Motion for Judgment on the Pleadings*, Doc. No. 83, be **GRANTED** and that this action be **DISMISSED**.

**II.     *MOTION FOR TEMPORARY RESTRAINING ORDER***

In light of the recommendation that this action be dismissed, it is also **RECOMMENDED** that *Plaintiff Whiteside's Motion for Temporary Restraining Order/Preliminary Injunction*, Doc. No. 71, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985)*; Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


<u>November 22, 2010</u>                          <u>    *s/Norah McCann King*    </u>
                                             Norah M$^c$Cann King
                                       United States Magistrate Judge