IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NORMAN V. WHITESIDE,**

           **Plaintiff,**

  vs.                                      **Civil Action 2:08-CV-875**
                                                   **Judge Graham**
                                                   **Magistrate Judge King**

**TERRY COLLINS,** *et al.,*

           **Defendants.**


## OPINION AND ORDER

The only claims remaining in this action are those of plaintiff Norman V. Whiteside against the MaCI and ODRC defendants, alleging that Rules (C)(28), (50) and (51) under O.A.C. § 5120-9-06 are vague and lack fair notice.  *Opinion and Order*, Doc. No. 66.  *See Complaint*, ¶¶A, 24, 26, 32; Doc. No. 29, pp. 10-14.[1]  In a *Report and Recommendation* issued November 22, 2010, Doc. No. 103, the United States Magistrate Judge recommended that *Defendants' (Lambert, Willingham, Terrill, Perry, Stanley, Gossard, Collins, Clark, Lazaroff, Haskins, Workman) Motion for Judgment on the Pleadings*, Doc. No. 83 ("*Motion for Judgment on the Pleadings*" or "*Defendants' Motion*"), be granted, that this action be dismissed and that *Plaintiff Whiteside's Motion for Temporary Restraining Order/Preliminary Injunction*, Doc. No. 71 ("*Plaintiff's Motion*" or "*Motion for TRO*"), be denied.  This matter is now before the Court on plaintiff's objections to that *Report and Recommendation*, Doc. No.

---

[1] The claims of all other plaintiffs, and all other claims asserted by plaintiff Whiteside, have been dismissed.  *Opinion and Order*, Doc. No. 66.

105, which the Court will consider *de novo*.  See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).  For the reasons that follow, the *Motion for Judgment on the Pleadings* is **DENIED without prejudice** and *Plaintiff Whiteside's Motion for Temporary Restraining Order/Preliminary Injunction*, Doc. No. 71, is **DENIED**.

As an initial matter, the Court notes that plaintiff objects to an earlier *Report and Recommendation*, Doc. No. 54, issued more than one year ago.  Plaintiff apparently complains that defendants have waived their right to assert their current legal arguments because they did not object to this prior *Report and Recommendation*. Plaintiff's argument is without merit.  The earlier *Report and Recommendation* recommended that *Defendants' Motion* to dismiss plaintiff's due process claims be denied because, *inter alia*, the Court was unable to determine, based on the record before it, whether or not plaintiff's claims were barred by prior state litigation. *Report and Recommendation*, Doc. No. 54, pp. 30-31.  Defendants' failure to object to that earlier recommendation does result in waiver of the right to *de novo* review of the recommendation and of the right to appeal the decision adopting it. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  However, that failure to object does not foreclose defendants' right to file a separate motion on these claims.

I.    **MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff objects to the most recent *Report and Recommendation* because he believes that, in granting *Defendants' Motion*, the Magistrate Judge improperly relied upon a judgment from the Franklin County Court of Common Pleas, which was attached as *Exhibit A* to *Defendants' Motion*. This judgment declared that plaintiff is a vexatious litigator and serves to limit plaintiff's ability to file actions in state court without prior leave of court. *Exhibit A*.

Although the Magistrate Judge did refer generally to consideration of exhibits, this passing reference was in the context of deciding whether to convert *Defendants' Motion* into a motion for summary judgment. Unlike *Exhibit B*, which is attached to *Defendants' Motion* and which relates to a state court proceeding initiated by plaintiff and is cited by the Magistrate Judge, there are no specific references to or analysis of *Exhibit A* nor is there any other indication that the Magistrate Judge relied on *Exhibit A* in issuing the *Report and Recommendation*. Even plaintiff at one point expresses uncertainty as to whether or not the Magistrate Jduge's recommendation relied on *Exhibit A* when he speculates that the exhibit was "most likely considered" by the Magistrate Judge. Accordingly, this objection is without merit.

Plaintiff also objects to the Magistrate Judge's decision to convert *Defendants' Motion* into a motion for summary judgment and the grant of that motion. Specifically, plaintiff complains that he should have received notice of that action so that he could more fully respond to defendants' motion. Plaintiff further complains that the *Report and Recommendation* fails to describe which acts or

3

omissions in his state court action were the same as those in the instant case.

Fed. R. Civ. P. 12(d) provides that a motion for judgment on the pleadings "must be treated as one for summary judgment under Rule 56" if "matters outside the pleadings are presented to and not excluded by the court[.]"  Under Rule 56, "[i]f a party fails to properly support an assertion of fact. . . the court may . . . issue any other appropriate order."  Fed. R. Civ. P. 56(e)(4).  Plaintiff represents that he was prejudiced because he would have sought an extension of time before responding to *Defendants' Motion* had he known it would have been converted into one for summary judgment.  Notwithstanding the fact that he made substantive response to *Defendants' Motion*, the Court, in an excess of caution and particularly because plaintiff is proceeding *pro se*, and under the narrow circumstances of the present record, **DENIES without prejudice** defendants' *Motion for Judgment on the Pleadings*, Doc. No. 83.[2]  If the parties choose to file a motion for summary judgment, they are **ADVISED** that they must do so no later than **January 31, 2011**.

As noted *supra*, plaintiff sought additional time to conduct discovery, pursuant to Fed. R. Civ. P. 56, before responding to defendants' current *Motion for Judgment on the Pleadings*. Notwithstanding that plaintiff's request fails to comply with Fed. R.

---

[2]Because the Court has denied *Defendants' Motion*, it will not address plaintiff's objections related to the dismissal of his claims for injunctive relief.

4

Civ. P. 56(d),[3] the Court will permit the parties to conduct limited discovery in the event a motion for summary judgment is filed. Accordingly, the parties are **ADVISED** that they may have 60 days from the date a motion for summary judgment is filed in order to conduct discovery and to respond to that motion. Any reply memoranda must be filed within rule. The parties are **FURTHER ADVISED** that any discovery requests shall be limited to the matters raised in the newly filed dispositive motion(s) and limited to the extent necessary to respond to the motion(s).

II.  **MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION**[4]

Plaintiff objects to the Magistrate Judge's recommendation that his *Motion for TRO*, which was based on the recommendation that this action be dismissed, be denied. Having reviewed the merits of this motion and the related filings,[5] the undersigned agrees that the

---

[3]Rule 56(d), formerly Rule 56(f), requires the party who seeks additional discovery to provide an affidavit or declaration in support of the request for additional time. The affidavit required by the rule must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000)(citing *Radich v. Goode,* 866 F.2d 1391, 1393-94 (3d Cir. 1989). A motion under Rule 56(d) may be properly denied where the requesting party "makes only general and conclusory statements regarding the need for more discovery," *Ball v. Union Carbide Corp.,* 385 F.3d 713, 720 (6th Cir. 2004)(citing *Ironside v. Simi Valley Hosp.,* 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit "lacks 'any details' or 'specificity.'" *Id.* (quoting *Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir. 1989)).

[4]Because the Court resolves this motion on the filings, plaintiff's request for oral argument or for an evidentiary hearing, Doc. No. 88, is **DENIED.**

[5]Plaintiff was granted leave to supplement, Doc. Nos. 88, 94, his *Motion for TRO*. *Order and Report and Recommendation*, Doc. No. 95. Defendants oppose the *Motion for TRO* and attached to their brief the state court judgment declaring plaintiff to be a vexatious litigator, which was discussed *supra*. Doc. No. 73. The Court disregards this attachment when ruling on plaintiff's *Motion for TRO*.

*Motion for TRO* should be denied.  The events underlying plaintiff's *Motion for TRO* occurred at Warren Correctional Institution ("WCI") during the summer of 2010 and involved Michael Sheets, the current WCI warden and the former warden for Ross Correctional Institution ("RCI").  Doc. Nos. 71, 88 and 94.  Plaintiff specifically complains that, in June 2010, his cell was searched and documents containing names other than plaintiff's name were confiscated.  Plaintiff also complains that, in July 2010, WCI Warden Sheets (1) fired plaintiff from his job in the WCI library, (2) ordered that plaintiff's cell be searched, (3) confiscated his papers containing the names of other individuals from his cell and from the WCI library, (4) was responsible for WCI officers issuing two conduct reports against him, charging him with violating O.A.C. § 5120-9-06(C)(50),[6] (5) ordered that these charges be heard by the Rules Infraction Board ("RIB"), and (6) was responsible for the RIB guilty[7] finding and subsequent

---

[6]Section 5120-9-06 sets forth inmate rules of conduct and provides in pertinent part:

(C) Rule violations:

    \*        \*        \*        \*

(28) Forging, possessing, or presenting forged or counterfeit documents;

    \*        \*        \*        \*

(50) Possession of property of another;

(51) Possession of contraband, including any article knowingly possessed which has been altered or for which permission has not been given[.]

O.A.C. § 5120-9-06(C) ("Rule 28," "Rule 50" and "Rule 51," respectively).

[7]Plaintiff represents that a hearing before the RIB was held on July 14, 2010, during which he presented witness testimony.  Doc. No. 88.

6

punishment, including 15 days in isolation and RIB recommendation that plaintiff be permanently restricted from working in the prison library and in prison "education." Doc. Nos. 71, 88, 94.

Plaintiff contends that these actions were taken in retaliation for filing the instant litigation. *Id*. He initially contends that he is "likely" to suffer irreparable harm "if the [plaintiff's confiscated] documents are not returned[8] and/or if they continue to confiscate his documents resulting from the 'campaign of harassment.'" Doc. No. 71, p. 3. In subsequent filings, plaintiff further alleges that he will suffer irreparable harm because there is only one, inexperienced inmate working in the WCI library, which denies plaintiff, and "hundreds of others," meaningful access to the courts. Doc. No. 88, p. 7; Doc. No. 94. Defendants oppose plaintiff's *Motion for TRO*, arguing, *inter alia*, that the Court should deny the motion because it is premised on retaliation claims that are unrelated to his surviving claim and against an individual, *i.e.,* WCI Warden Sheets, who is no longer a defendant in this litigation. Doc. No. 73.

Defendants' arguments are well-taken. "The decision to grant or deny a preliminary injunction is within 'the sound judicial discretion of the trial court.'" *Mt. Clemens v. United States Environmental Protection Agency*, 917 F.2d 908, 914 (6th Cir. 1990) (quoting *Tyson Foods, Inc. v. McReynolds*, 865 F.2d 99, 101 (6th Cir. 1989)). "A preliminary injunction is an extraordinary remedy

---

[8]The Court notes that plaintiff admits that at least some of these confiscated documents have already been returned to him. *See Exhibits A* and *B*, attached to Doc. No. 71; Doc. No. 88, p. 4.

designed to preserve the relative positions of the parties until a trial on the merits can be held." *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009).  "'[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (*per curium*)).  A movant has no grounds "to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint." *Id*.  *See also Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997).

    As noted *supra*, the events underlying plaintiff's surviving claims occurred in 2006 at MaCI.  *See*, *e.g.*, *Complaint*, ¶¶ 5, 9, 15, 24.  In contrast, plaintiff premises his current motion on events that occurred in 2010 at WCI.  Although plaintiff's rambling filings related to this motion are unclear at times, they may be fairly construed to argue that the events at WCI in 2010 are related to the surviving claims because they all involve a violation of Rule 50.  However, it is undisputed that the 2010 events at WCI were not mentioned in his original complaint, which was filed in 2008 and which bars his request for extraordinary injunctive relief.  *See Colvin*, 605 F.3d at 300.

    In addition, although WCI Warden Sheets was originally named as a defendant in this litigation, *Complaint*, Doc. No. 4, ¶ 7, all of the claims against him have been dismissed. *Opinion and Order*, Doc. No. 54, pp. 28, 36.  The surviving claims are directed only against

8

the MaCI and ODRC defendants, not against former RCI Warden Sheets. *Id*. Accordingly, plaintiff's argument, unsupported by case authority, that Warden Sheets "will still be considered a party" "until all appeals have been finalized" is without merit and does not entitle plaintiff to the relief he seeks.

For the reasons set forth above, *Defendants' (Lambert, Willingham, Terrill, Perry, Stanley, Gossard, Collins, Clark, Lazaroff, Haskins, Workman) Motion for Judgment on the Pleadings*, Doc. No. 83, is **DENIED without prejudice** to refiling consistent with the foregoing; *Plaintiff Whiteside's Motion for Temporary Restraining Order/Preliminary Injunction*, Doc. No. 71, is **DENIED**.

Date: January 19, 2011                       s/James L. Graham  
                                             James L. Graham  
                                             United States District Judge