IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NORMAN D. WHITESIDE,**

    **Plaintiff,**

    v.                                 Case No. 2:08-CV-875
                                        JUDGE GRAHAM
                                        MAGISTRATE JUDGE KING

**TERRY COLLINS,** *et al.,*

    **Defendants.**

**REPORT AND RECOMMENDATION**

    The *Complaint* originally filed in this action asserted a number of claims against various officials of the Ohio Department of Rehabilitation and Correction ["ODRC"] and employees of various state prisons, including the Madison Correctional Institution ["MaCI"].  The only claims remaining are the claims against the ODRC and MaCI defendants alleging that Rules (28), (50) and (51) under Ohio Admin. Code § 5120-9-06(C) are vague and fail to provide fair notice. *Opinion and Order*, Doc. No. 66. This matter is now before the Court for consideration of Defendants' *Motion to Revoke in Forma Pauperis Status, Compel Immediate Payment of Full Filing Fees and for Related Relief Under the "Three Strikes" Provision of the PLRA*, Doc. No. 108 ["*Motion to Revoke*"].  For the reasons that follow, it is recommended that the motion be granted and that Plaintiff be required to pay the full $350.00 filing fee within fourteen (14) days..

**I.**

    Plaintiff, a state prisoner, instituted this action after having been granted leave to proceed

*in forma pauperis*. *Order*, Doc. No. 3.[1] Defendants now move to vacate that *Order* and, in support of their motion, note that Plaintiff has filed numerous lawsuits in state and federal courts over many years and contend that "[m]ore than three of those suits have been dismissed for failure to state a claim." *Motion to Revoke*, at 5. Thus, Defendants contend, the "three strikes" provision of the Prison Litigation Reform Act ["PLRA"], 28 U.S.C. § 1915(g), requires that leave to proceed *in forma pauperis* be denied and that Plaintiff be required to pay the full $350.00 filing fee.

**II.**

The PLRA contains numerous provisions governing litigation by prisoners in federal courts. With respect to the statute governing *in forma pauperis* status, the "three strikes" provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The "three strikes" provision applies to cases that were dismissed even prior to the effective date of the PLRA. *Wilson v. Yaklich,* 148 F.3d 596 (6th Cir. 1998). Moreover, *in forma pauperis* status is a privilege and may be revoked if misused. Consequently, the Court may consider the issue of whether the three strikes provision applies even after an earlier grant of *in forma pauperis* status. *See Simpson v. Correctional Medical*

---

[1] The Court notes that, in the original application for leave to proceed in forma pauperis, Plaintiff responded "No" to the question, "Have you on three or more prior occasions, while incarcerated or detained in any prison, jail or other facility, brought an action in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?" *Application and Affidavit by Incarcerated Person to Proceed without Prepayment of Fees,* Doc. No. 1, p. 4.

*Services, Inc.,* 2009 WL 2920789 (W.D. Mich. September 10, 2009); *Reeves v. Wilkinson*, No. 06-10326, 2007 WL 3037705 at *5 (E.D. Mich. Oct. 17, 2007). Plaintiff's argument that the Court's previous *Order* granting *in forma pauperis* status cannot be revisited is therefore without merit. Finally, there is no authority to support Plaintiff's assertion that certain language must be employed in a dismissal entry before that dismissal may constitute a "strike" for purposes of the "three strikes" provision.

### III.

Defendants argue that, prior to instituting this action, Plaintiff had at least three "strikes" because two cases filed by him in this Court were dismissed for failure to state a claim upon which relief can be granted and the decisions in both those cases were affirmed on appeal. *See Whiteside v. ODRC*, case no. 2:03-CV-439 (S.D. Ohio March 31, 2004), *aff'd.* case no. 04-4078 (6th Cir. September 14, 2005); *Whiteside v. Ghee*, case no. 2:96-CV-916 (S.D. Ohio October 30, 1996), *aff'd.* case no. 96-4320 (6th Cir. December 11, 1997). In other words, Defendants contend that Plaintiff had four "strikes" against him prior to filing the action presently before the Court and that his request for *in forma pauperis* status should therefore have been denied. In response, Plaintiff argues that an appellate decision merely affirming a district court's dismissal of an action does not constitute a "strike" for purposes of the PLRA.

Whether a decision affirming an earlier dismissal counts as an additional "strike" for purposes of the "three strikes" provision has not been addressed by the United States Court of Appeals for the Sixth Circuit. However, the United States Court of Appeals for the District of Columbia Circuit has expressly held that only a dismissal of an appeal as frivolous, malicious or for failure to state a claim upon which relief may be granted – not the affirmance of the trial

3

court's dismissal on any of these bases – properly counts as a "strike." *Thompson v. DEA,* 492 F.3d 428, 436 (D.C. Cir. 2007). Other courts, including at least one within the Sixth Circuit, have reached the same conclusion. *Malek v. Reding*, 195 Fed. Appx. 714 (10th Cir. 2006); *Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997), *overruled on other grounds*, *Lee v. Clinton,* 209 F.3d 1025 (7th Cir. 2000)*; Soto v. Birkett*, No. 07-CV-11929-DT, 2007 WL 3121606 at *2 (E.D. Mich. Oct. 23, 2007), citing *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775 (10th Cir. 1999)..

This Court agrees with the reasoning of these courts and therefore concludes that the affirmance on appeal from a trial court's dismissal of a case does not alone count as an additional "strike" for purposes of the "three strikes" provision of the PLRA.

However, the Court's review of its own records discloses yet another civil action, filed by Plaintiff in this Court at a time when he was incarcerated, which was dismissed for failure to state a claim upon which relief can be granted. *Whiteside, et al., v. Wilkinson*, case no. 2:00-CV-596 (S.D. Ohio May 18, 2000), *aff'd.* case no. 00-3902 (6th Cir. February 1, 2001). Therefore, Plaintiff has brought, on 3 or more prior occasions while incarcerated, an action that was dismissed on the ground that it fails to state a claim upon which relief may be granted. At the time Plaintiff sought leave to proceed *in forma pauperis* in this action, then, he had three "strikes," as defined by the PLRA, against him. Because the *Complaint* in this action alleges nothing that would fall within the "imminent danger of serious physical injury" exception to the "three strikes" provision, the Court concludes that the PLRA prohibits the grant of *in forma pauperis* status to plaintiff.

**IV.**

It is therefore **RECOMMENDED** that Defendants' *Motion to Revoke In Forma Pauperis Status, Compel Immediate Payment of Full Filing Fees and for Related Relief Under the "Three Strikes" Provision of the PLRA*, **Doc. No. 108**, be granted and that Plaintiff be ordered to pay, within fourteen (14) days, the full $350.00 filing fee.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

    s/Norah McCann King
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

Date: August 23, 2011

5