```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

**NORMAN V. WHITESIDE,**

        Plaintiff,

  vs.                                Civil Action 2:08-CV-875
                                          Judge Graham
                                          Magistrate Judge King

**TERRY COLLINS,** *et al.*,

        Defendants.


<u>**ORDER AND
REPORT AND RECOMMENDATION**</u>

The only claims remaining in this action are those of plaintiff Norman V. Whiteside, a state inmate proceeding without the assistance of counsel, who alleges thatunder Ohio Admin.Code § 5120-9-06, Rules (C)(28), (50) and (51), are vague and lack fair notice. *Opinion and Order*, Doc. No. 66.  This matter is before the Court on *Defendants' (Lambert, Willingham, Terrill, Perry, Stanley, Gossard, Collins, Clark, Lazaroff, Haskins, Workman) Motion for Summary Judgment*, Doc. No. 117 ("*Motion for Summary Judgment*"), *Plaintiff's Motion to Compel Discovery*, Doc. No. 138 ("*Motion to Compel*"), and *Plaintiff's Motion for Additional Extension of Time*, attached as an exhibit to Doc. No. 140 ("*Motion for Extension*").

**I.    BACKGROUND**

In order to properly address the motions currently before this Court, it is necessary to provide a detailed summary of the procedural history of this case.  Defendants previously moved for judgment on the pleadings, arguing *inter alia* that plaintiff's remaining claims cannot proceed in this Court because he filed a prior action in the Ohio

Court of Claims based on the same acts and omissions.  Doc. No. 83, p. 2 (citing, *inter alia*, *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 951-52).  It was initially recommended that, after converting defendants' motion for judgment on the pleadings to a motion for summary judgment, plaintiff's claims should be dismissed.  *Report and Recommendation*, Doc. No. 103.  In his objections to that recommendation, plaintiff argued that he had no notice of the conversion of defendants' motion to one for summary judgment and that there was no identification of what acts or omissions in the Court of Claims action were the same as those in the instant action.  Doc. No. 105.  Defendants did not respond to plaintiffs' objections.

On January 19, 2011, the Court, in an excess of caution, denied without prejudice defendants' motion for judgment on the pleadings. *Opinion and Order*, Doc. No. 106, p. 4.  However, the Court permitted the parties to file, if they chose to do so, any motions for summary judgment no later than January 31, 2011.  *Id*.  Noting that plaintiff had sought additional time to conduct discovery in order to respond to defendants' motion, the Court observed that plaintiff's request failed to comply with Fed. R. Civ. P. 56(d) and detailed the particular requirements of that rule.  *Id*. at 4-5.  Despite this deficiency, the Court permitted the parties to conduct limited discovery should a motion for summary judgment be filed.  *Id*. at 5.  Specifically, the parties were given "60 days from the date a motion for summary judgment is filed in order to conduct discovery and to respond to that motion." *Id*.  In so ordering, the Court specifically advised the parties that "any discovery requests shall be limited to the matters

2

raised in the newly filed dispositive motion(s) and limited to the extent necessary to respond to the motion(s)." *Id*.

The deadline for filing motions for summary judgment passed and no parties filed a motion. On March 1, 2011, the Court ordered the parties to report on the status of the case. *Order*, Doc. No. 107.

On March 11, 2011, defendants filed a motion for leave to file a motion for summary judgment, attaching the proposed motion for summary judgment and representing that the deadline for filings motions for summary judgment "was inadvertently not calendared by Defendants and so was missed." Doc. No. 109, p. 1. Failing to explain why they were not monitoring this case between January 19, 2011 and March 1, 2011, defendants simply offered that their "error [in missing the filing deadline] became apparent upon receipt of another Order received last week directing that a status report be filed." *Id*. Nevertheless, the Court granted defendants' unopposed motion for an extension of time and directed the Clerk to file defendants' motion for summary judgment. *Order*, Doc. No. 116. In accordance with the prior *Opinion and Order*, Doc. No. 106, the Court ordered that "plaintiff has until July 18, 2011 to complete any discovery necessary to enable him to respond to the motion for summary judgment and to file his response to the motion. Defendant may reply within rule." *Id*.

On June 1, 2011, plaintiff filed a notice that he served discovery requests on defendants on May 27, 2011. Doc. No. 118.[1] On

---

[1] Failing again to track case deadlines, defendants initially moved to strike plaintiff's notice as untimely, arguing that all discovery was to have been "completed on or before August 31, 2010." Doc. No. 119, p. 2. However, defendants later conceded that they were mistaken about the discovery deadline. Doc. No. 123, p. 1. Defendants admitted that they had "overlooked" the deadline contained in the Court's prior order, Doc. No. 116, which

3

July 6, 2011, plaintiff filed a motion for an extension of time in which to respond to defendants' motion for summary judgment, representing that defendants had not responded to his discovery requests.  Doc. No. 120.  On July 8, 2011, defendants filed a motion for an extension of time in order to respond to discovery requests directed at defendants Trevor Clark and D. Lambert.  Doc. No. 122.  In support of that request, defendants stated that their counsel had "overlooked this Court's Order of May 20, 2011 (Doc. 116) which extended Plaintiff's discovery deadline until July 18, 2011, [and] believed in error that the time period for discovery had expired."  *Id*. at 2.  Defendants also represented that they did not oppose plaintiff's request for additional time to respond to the motion for summary judgment.  *Id*.

On August 2, 2011, plaintiff filed a notice that he had served discovery responses on not only defendants Lambert and Clark, as represented in defendants' motion for extension, Doc. No. 122, but also on defendants Collins, Haskins, and Lazaroff.  Doc. No. 125.  In response to this notice, defendants filed the following notice: "Defendants' counsel did locate a discovery request that was sent to Defendant Melody Haskins.  A response to this request has been provided.  However, the undersigned cannot locate requests for Defendants Collins and Lazaroff.  If copies of these requests are forwarded, the Defendants will respond to the requests."  Doc. No. 126.

On September 2, 2011, the Court granted the parties' motions for

---

extended discovery into July 2011.  Doc. No. 123, p. 1.  The Court denied defendants' motion to strike.  *Order*, Doc. No. 130.

extensions of time, Doc. Nos. 120 and 122. *Order*, Doc. No. 130. Specifically, the Court ordered that "[t]o the extent that defendants have not yet responded to plaintiff's discovery requests, they shall do so within fourteen (14) days." *Id*. at 1. Plaintiff was given until October 6, 2011 to respond to defendants' motion for summary judgment. *Id.*

On September 23, 2011, plaintiff filed another motion for extension of time to respond to the motion for summary judgment, representing *inter alia* that "Defendants have failed to respond to outstanding discovery requests" although defendant Haskins "recently gave responses in part." Doc. No. 133, p. 2. The Court granted plaintiff's motion, ordering that he may respond to the motion for summary judgment no later than October 21, 2011. *Order*, Doc. No. 134.

Thereafter, on October 31, 2011, plaintiff filed the current *Motion to Compel*, seeking to compel discovery responses from defendants Collins and Lazaroff. *Motion to Compel*, p. 1. Plaintiff also filed the current *Motion for Extension*, seeking additional time in which to respond to the *Motion for Summary Judgment*. The Court will address each motion in turn.

**II.   *MOTION TO COMPEL***

In his *Motion to Compel*, plaintiff represents that he attempted to confer with defense counsel prior to filing the motion. *Id*. at 1 (citing Exhibit AAA attached thereto, which is a fax cover sheet dated August 4, 2011, but bearing a transmittal date of August 8, 2011). Noting that defendants previously stated that they had not received discovery requests for defendants Collins and Lazaroff, plaintiff

5

swore under penalty of perjury that "all requests were mailed simultaneously on May 27, 2011." *Id*. (citing copies of discovery requests attached thereto, which include certificates of service dated May 27, 2011). Plaintiff further represents that the requested discovery "is especially necessary in order to effectively respond to defendants' motion for summary judgment." *Id*.

Defendants oppose the *Motion to Compel*, arguing that (1) they have not received any communication from plaintiff since they advised him on August 12, 2011 that they had not received copies of discovery requests directed to defendants Collins and Lazaroff, and (2) "this issue [the *Motion to Compel*] is now moot" because the deadline to respond to the *Motion for Summary Judgment*, October 21, 2011, has now passed. Doc. No. 139, p. 1 (citing Doc. No. 126). In reply, plaintiff argues, *inter alia*, that defendants Collins and Lazaroff were in fact served with discovery requests and have not explained how responding to the discovery requests would prejudice them. Doc. No. 140, pp. 1-2.[2] In a later file status report, these defendants again

---

[2] Plaintiff also complains that, to the extent that defendants have responded to certain document requests (apparently directed at defendants other than Collins and Lazaroff), they produced "doctored up" documents. Doc. No. 140, p. 2 (citing to, *inter alia*, *Exhibit A*, attached thereto, which is a document marked "T000007," and which is dated September 13, 2006, on letterhead listing John R. Kasich as Governor and Gary C. Mohr as Director). Defendants concede an error in production, acknowledging that they "produced an inaccurate copy of a document due to a printing oversight[.]" Doc. No. 141-1, p. 1. However, defendants insist that the contents of the letter are accurate and were previously produced to plaintiff, and that the error results in no prejudice to plaintiff. *Id*. at 1-2.

The Court further notes that plaintiff has sued defendant Terry Collins, former director of the Ohio Department of Rehabilitation and Correction ("ODRC") in his individual and official capacities. *Complaint*, Doc. No. 4, ¶ 3. Gary C. Mohr is the current ODRC director. *See*, *e.g.*, *Exhibit A*, attached to Doc. No. 140; *Declaration of Trevor Clark*, ¶¶ 4-5, Doc. No. 141-2. Accordingly, to the extent that plaintiff asserts claims against the ODRC director in his official capacity, current director Mohr has been automatically substituted in place of former director Collins pursuant to Fed.

assert that they did not receive discovery requests and, therefore, did not respond to any requests. Doc. No. 146, pp. 1-2. Plaintiff agrees that these defendants have provided no responses to his previously served discovery requests. Doc. No. 147, p. 3.

Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Rule 37 authorizes a motion to compel discovery when a party fails to provide a response to interrogatories under Rule 33 or requests for production of documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Therefore, a party cannot successfully move for an order compelling documents if this information was not first requested through Rule 33 or Rule 34. *See id*. (permitting a party to move for an order compelling production when a party fails to respond to an interrogatory pursuant to Rule 33 or to a request pursuant to Rule 34); *McDermott v. Continental Airlines, Inc.*, No. 08-3557, 339 Fed. Appx. 552, at *560 (6th Cir. July 30, 2009) (finding no abuse of discretion in denying motion to compel where moving party did not request documents pursuant to Rule 34); *Nilavar v. Mercy Health Sys. - Western Ohio*, 210 F.R.D. 597, 610 (S.D. Ohio 2002) ("However, Rule 34 is the formal mechanism by which documents are to be requested, and Plaintiff's Motion to Compel Discovery is only viable as to documents requested by that method.").

Finally, the party moving to compel discovery must certify that he "has in good faith conferred or attempted to confer with the person

---

R. Civ. P. 25(d).

or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). *See also* S.D. Ohio Civ. R. 37.2. The Court is satisfied that plaintiff has met this prerequisite. *See Motion to Compel*, p. 1 (containing Rule 37 certification).

After reviewing the record, it is unclear whether defendants Collins and Lazaroff were served with discovery requests. Because of this ambiguity in the present record, the Court cannot grant the current *Motion to Compel*. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv); *McDermott*, 339 Fed. Appx. 552, at *560.

However, the record is absolutely clear that defendants have failed to attend to this litigation and that this failure has impeded the progress of this case. For example, as detailed above, defendants have ignored important case deadlines (deadlines for filing motions for summary judgment and for completing discovery) and filed a meritless motion to strike based on their failure to record the correct discovery deadline. In addition, defendants themselves significantly added to the ambiguity of service of the instant discovery requests. As plaintiff points out, defendants first represented that they received requests directed only to defendants Lambert and Clark, Doc. No. 122, but then later conceded that a discovery request sent by plaintiff to defendant Haskins had been located. Doc. No. 126. Defense counsel further represented that he "cannot locate requests for Defendants Collins and Lazaroff." Doc. No. 126, p. 1. In light of the procedural history of this case, it is unclear whether counsel's claimed inability to locate these requests is a result of his failure to properly maintain these documents or a

result of a defect in service. Regardless, the above procedural recitation demonstrates that defendants have not accorded to this case the attention that the Court expects. This inattention has unduly delayed the progress and resolution of this case. Simply put, the Court will not tolerate defendants' continued inattention to the litigation.

To this end, the Court notes that defendants have now been in possession of copies of the discovery requests directed at defendants Collins and Lazaroff since at least October 31, 2011 when plaintiff filed the *Motion to Compel*. The Court previously provided plaintiff the opportunity to conduct discovery necessary to formulate his response to a motion for summary judgment. *See Opinion and Order*, Doc. No. 106, pp. 4-5 (providing the parties "60 days from the date a motion for summary judgment is filed in order to conduct discovery and to respond to that motion"); *Order*, Doc. No. 116 (ordering that plaintiff "may complete any discovery necessary to enable him to respond to the motion for summary judgment and to file his response to the motion" no later than July 18, 2011). In light of these prior orders, the Court concludes that plaintiff is entitled to limited discovery to enable him to respond to a motion for summary judgment. Therefore, notwithstanding that the Court must **DENY** the *Motion to Compel*, defendants Collins and Lazaroff are nevertheless **ORDERED** to respond to the discovery requests attached to the *Motion to Compel* within ten (10) days of the date of this *Order and Report and Recommendation*. In so ordering, the Court specifically **ADVISES** defendants Collins and Lazaroff that hypertechnical responses or "inaccurate" responses to these requests due to "oversight" will not be tolerated.

**III.** *MOTION FOR SUMMARY JUDGMENT*

Because this Court has provided additional time for limited discovery, it is **RECOMMENDED** that the *Motion for Summary Judgment* be **DENIED without prejudice to refiling within 30 days of the date of this** *Order and Report and Recommendation*.  Defendants are **REMINDED** that any renewed motion for summary judgment must clearly articulate legal arguments and provide detailed evidentiary support rather than conclusory arguments based on boilerplate language.

**IV.** *MOTION FOR EXTENSION*

Plaintiff attaches the *Motion for Extension* to his reply in support of his *Motion to Compel*, Doc. No. 140, seeking additional time to respond to the *Motion for Summary Judgment*.  Plaintiff represents that he submitted the *Motion for Extension* at the same time he submitted the *Motion to Compel*.  Doc. No. 140, p. 1.  In light of the additional time provided for discovery and the recommended misposition of the *Motion for Summary Judgment*, plaintiff's *Motion for Extension* is **DENIED as moot.**

The Court notes, however, that the *Motion for Extension* did not comply with the requirements of Fed. R. Civ. P. 56(d).  Rule 56(d), formerly Rule 56(f), requires the party who concludes that additional discovery is necessary in order to respond to a motion for summary judgment to provide an affidavit or declaration in support of the request for additional time.  The affidavit required by the rule must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information."  *Cacevic v. City of Hazel Park*, 226 F.3d

10

483, 488 (6th Cir. 2000)(citing *Radich v. Goode*, 866 F.2d 1391, 1393-94 (3d Cir. 1989).  A motion under Rule 56(d) may be properly denied where the requesting party "makes only general and conclusory statements regarding the need for more discovery," *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004) (citing *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit "lacks 'any details' or 'specificity.'"  *Id*. (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989)).

Notwithstanding this Court's prior lenience related to this *pro se* plaintiff's failure to comply with Rule 56(d), *see*, *e.g.*, *Opinion and Order*, Doc. No. 106, plaintiff is specifically **ADVISED** that he must comply with that rule, if applicable, in all future filings. Stated differently, the Court will no longer overlook any failure on plaintiff's part to comply with the requirements of Rule 56(d) should plaintiff request any future extension of time to respond to a renewed motion for summary judgment based on a need for additional discovery.

**WHEREUPON**, in sum, *Plaintiff's Motion to Compel Discovery*, Doc. No. 138, is **DENIED**.  Notwithstanding this denial, however, defendants Collins and Lazaroff are **ORDERED** to respond to plaintiff's discovery requests attached to the *Motion to Compel* **within ten (10) days of the date of this** *Order and Report and Recommendation.*

*Plaintiff's Motion for Additional Extension of Time*, attached as an exhibit to Doc. No. 140, is **DENIED as moot**.

It is **RECOMMENDED** that *Defendants' (Lambert, Willingham, Terrill, Perry, Stanley, Gossard, Collins, Clark, Lazaroff, Haskins, Workman) Motion for Summary Judgment*, Doc. No. 117, be **DENIED without prejudice**

11

**to refiling within 30 days of the date of this *Order and Report and Recommendation*.** The Court specifically **ADVISES** defendants, who have previously overlooked filing deadlines, to calendar this date.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

March 12, 2012                                    s/Norah McCann King
                                                  Norah M$^c$Cann King
                                                  United States Magistrate Judge