**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**NORMAN V. WHITESIDE,**

      **Plaintiff,**

  vs.                                    Civil Action 2:08-CV-875
                                                Judge Graham
                                                Magistrate Judge King

**TERRY COLLINS,** *et al.*,

      **Defendants.**


## OPINION AND ORDER

Plaintiff, who is currently incarcerated at the Warren Correctional Institution ("WCI"), previously filed a *Motion for Order to Show Cause*, Doc. No. 153 ("*Motion for Order to Show Cause*"), representing that defendants "and or their agents" at WCI "are unlawfully withholding Plaintiff's mail which contains, inter alia, declarations he needs to effectively prosecute his case." *Id*. at 1. Plaintiff further represented that WCI staff or "Defendants' agents" retaliated against plaintiff by searching his cell on March 28, 2012, and, *inter alia*, confiscating certain materials. Doc. No. 158, pp. 1-3.

On May 18, 2012, after the *Motion for Order to Show Cause* was fully briefed, this Court concluded that plaintiff's request as it related to a declaration signed by inmate Michael Johnson and his request for an order as to documents, issues and claims unrelated to his ability to oppose defendants' motion for summary judgment or to the filing of his own motion for summary judgment were without merit.

*Opinion and Order*, Doc. No. 164, pp. 5-6.  The Court directed plaintiff "to identify **under oath** as specifically as possible, *i.e.*, by description, date, author, etc., any and all documents that are necessary to oppose defendants' motion for summary judgment and/or necessary to file his own motion for summary judgment that are being withheld by defendants."  *Id.* at 6 (emphasis in original).  The Court ordered that "the named defendants. . . [thereafter] respond, **under penalty of perjury**, indicating whether or not the named defendants have withheld such documents and, if so, to explain the basis for withholding them."  *Id*. (emphasis in original).

On May 31, 2012, plaintiff responded to the *Opinion and Order*, identifying, under oath, three categories of documents: (1) a declaration sent by William Rankin to plaintiff in or around September 2011; (2) various documents from inmate Gudonovan Taylor; and (3) a declaration signed by Stephan Howard.  Doc. No. 168, pp. 1-3.

In response, defendants offered the unsworn declarations of the remaining named defendants.  *See Declaration of Terry Collins*, Doc. No. 174-1 ("*Collins Declaration*"), *Declaration of Trevor Clark*, Doc. No. 174-2 ("*Clark Declaration*"), *Declaration of Alan Lazaroff*, Doc. No. 174-3 ("*Lazaroff Declaration*"), *Declaration of Melody Haskins*, Doc. No. 174-4 ("*Haskins Declaration*"), *Declaration of Virginia Workman*, 174-5 ("*Workman Declaration*"), *Declaration of Deborah Lambert*, Doc. No. 174-6 ("*Lambert Declaration*"), *Declaration of Julius Willingham*, Doc. No. 174-7 ("*Willingham Declaration*"), *Declaration of Brian Terrill*, Doc. No. 174-8 ("*Terrill Declaration*"), *Declaration of Steve Perry*, Doc. No. 174-9 ("*Perry Declaration*"), *Declaration of Marc

*Stanley*, Doc. No. 174-10 ("*Stanley Declaration*"), and *Declaration of Jimmy Gossard*, Doc. No. 174-11 ("*Gossard Declaration*").[1]  Defendants aver that they do not possess nor have they confiscated from plaintiff any of the documents he identifies in Doc. No. 168, *i.e.*, a declaration from Mr. Rankin, various documents from Mr. Taylor and/or a declaration signed by Mr. Howard.  *See Collins Declaration*, ¶ 4; *Clark Declaration*, ¶ 4; *Lazaroff Declaration*, ¶ 4; *Haskins Declaration*, ¶ 4; *Workman Declaration*, ¶ 4;  *Lambert Declaration*, ¶ 4; *Willingham Declaration*, ¶ 4; *Terrill Declaration*, ¶ 4; *Perry Declaration*, ¶ 4; *Stanley Declaration*, ¶ 4; *Gossard Declaration*, ¶ 3.  Based on this record, there is no evidence establishing that defendants are withholding information that plaintiff identifies as necessary to oppose defendants' motion for summary judgment and/or to support his own motion for summary judgment that he represents that he plans to file.

**WHEREUPON**, plaintiff's *Motion for Order to Show Cause*, Doc. No. 153, is **DENIED**.  Plaintiff is **ORDERED** to respond to defendants' motion for summary judgment, Doc. No. 157, no later than July 9, 2012.  Defendants shall reply, if at all, no later than July 18, 2012.

Plaintiff has recently expressed an intention to file a motion for summary judgment.  Doc. Nos. 153, 158, 168.  If plaintiff intends to file such a motion, he must do so no later than July 16, 2012.  If

---

[1] Defendants initially offered the declaration of Marty E. Jones, a lieutenant and supervisor of the mail room at WCI.  *Declaration of Marty E. Jones*, ¶ 2 ("*Jones Declaration*"), attached as *Exhibit A* to Doc. No. 169.  The Court noted that, although helpful, this declaration was not in strict compliance with the Court's order that the named defendants respond under penalty of perjury.  *Order*, Doc. No. 170. Defendants' declarations followed.  Doc. No. 174.

plaintiff files a motion for summary judgment, defendants' response, if any, is due no later than July 30, 2012.  Plaintiff shall reply, if at all, within rule.

Finally, plaintiff is **REMINDED** that Rule 56 of the Federal Rules of Civil Procedure provides as follows:

> (c) Procedures.
>
>   (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>     (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>     (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c).  This means that the facts stated in the declarations or other papers submitted in support of the defendants' motion will be accepted as true by the Court unless plaintiff submits other evidence showing that there is a genuine conflict of fact.  If plaintiff has personal knowledge of facts that are different from those set out in defendants' supporting documents, he should submit an affidavit[2] stating those contrary facts.  He should also submit the affidavits of such other persons having knowledge of the facts and any documents he has relating to the facts.

---

[2]The affidavit need not be notarized.  It is sufficient if the affiant makes an unsworn declaration under penalty of perjury in the following form: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)".  *See* 28 U.S.C. § 1746.

June 25, 2012                                  s/Norah McCann King
                                              Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge