IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


NORMAN V. WHITESIDE,

       Plaintiff,


    vs.                         Civil Action 2:08-cv-875
                                   Judge Graham
                                   Magistrate Judge King


TERRY COLLINS, *et al.*,

       Defendants.


<u>OPINION AND ORDER</u>

    This matter is before the Court on multiple pending motions, including *Plaintiff's Request for Court to Take Judicial Notice*, Doc. No. 198 ("*Request for Judicial Notice*"); plaintiff's *Motion for Reconsideration of Court's Desultory Judgment*, Doc. No. 199 ("*Motion for Reconsideration*"); *Plaintiff's Motion to Strike*, Doc. No. 202 ("*Motion to Strike*"); and *Plaintiff's Motion for Judgment Forthwith*, Doc. No. 205.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

    Plaintiff Norman V. Whiteside, a state inmate proceeding without the assistance of counsel, asserted claims against defendants associated with the Madison Correctional Institution ("MaCI") and the Ohio Department of Rehabilitation and Correction ("ODRC"), alleging that Ohio Administrative Code ("O.A.C.") § 5120-9-06(C)(28), (50), (51) ("Rules 28, 50 and 51")[1] are vague and lack fair notice.[2] The

---

[1] Rule 28 forbids "[f]orging, possessing, or presenting forged or counterfeit documents"; Rule 50 forbids "[p]ossession of property of another"; and Rule

Court previously granted defendants' motion for summary judgment and denied plaintiff's motion for summary judgment, dismissing the remaining claims against the remaining defendants. *Opinion and Order*, Doc. No. 196. Final judgment was entered the same day. *Judgment in a Civil Action*, Doc. No. 197.

Thereafter, plaintiff filed a *Motion for Reconsideration*, asking this Court to reconsider that "desultory" decision and, on the last page of his motion, advising that his motion "should also be considered one to alter or amend the judgment. FRCVP 59." *Motion to Reconsider*, p. 4. Plaintiff also filed a separate motion, a *Request for Judicial Notice*. In response to plaintiff's two motions, *Defendants' Combined Memorandum in Opposition to Plaintiff's Request for the Court to Take Judicial Notice (Doc #: 198) and Memorandum in Opposition to Plaintiff's Motion for Reconsideration (Doc #: 199)*, Doc. No. 201 ("*Combined Memo. in Opp.*"), was filed. Thereafter, plaintiff filed his *Motion to Strike*, seeking to strike the *Combined Memo. in Opp.* to the extent that it addresses plaintiff's *Motion for Reconsideration*. Plaintiff also filed *Plaintiff's Motion for Judgment Forthwith*, Doc. No. 205, asking for a ruling on these motions. The Court shall address these motions in turn.

## II. *MOTION TO STRIKE*

Plaintiff argues that the Court should strike defendants' *Combined Memo. in Opp.* because it is untimely to the extent that it

---

51 forbids "[p]ossession of contraband, including any article knowingly possessed which has been altered or for which permission has not been given." O.A.C. § 5120-9-06(C)(28), (50), (51).
[2] Plaintiff's other claims, as well as the claims of other plaintiffs, were previously dismissed. *See Opinion and Order*, Doc. No. 66.

opposes the *Motion for Reconsideration*. *Motion to Strike*. In support, plaintiff notes that the certificate of service attached to the *Motion for Reconsideration* bears a date of October 4, 2012 and argues that defendants' response was due twenty-one (21) days thereafter, or on October 25, 2012. *Id.* at 1 (citing to S.D. Ohio Civ. R. 7.2(a)(2)). Because the *Combined Memo. in Opp.* was not filed until October 29, 2012, and because the Court previously stated that it would no longer tolerate defendants' inattention to this litigation, plaintiff contends that the untimely *Combined Memo. in Opp.* should be stricken. *Id.* (citing *Order and Report and Recommendation*, Doc. No. 148).

Defendants disagree, arguing that, despite the October 4, 2012 date reflected in the *Motion for Reconsideration*, defendants were not actually served with the motion until the Clerk's office uploaded the document on the Court's CM/ECF system on October 11, 2012. *Defendants' Memorandum in Opposition to Plaintiff's Motion to Strike (DOC #: 202)*, Doc. No. 204, pp. 1-2. In so arguing, defendants take the position that plaintiff, who does not appear to be a registered user of the CM/ECF system, improperly mailed the *Motion for Reconsideration* to the Clerk's office to upload and serve upon defendants. *Id.* (citing certificate of service attached to *Motion for Reconsideration*; Fed. R. Civ. P. 5.1(c)).[3] Defendants therefore

---

[3] Curiously, defendants cite to Fed. R. Civ. P. 5.1(c), which addresses constitutional challenges to a statute and the attorney general's ability to intervene. *Id.* However, defendants' quoted language suggests that they intended to rely on S.D. Ohio Civ. R. 5.2(b), which governs electronic service of filings. *See* S.D. Ohio Civ. R. 5.2(b): "**Delivery Electronically Including Facsimile.** Parties may make service through the Court's CM/ECF

contend that they had until November 1, 2012 (*i.e.*, 21 days from
October 11, 2012) in which to respond to the *Motion for
Reconsideration*.  *Id*. at 2.  Even if they were properly served on
October 4, 2013, defendants argue, the *Combined Memo. in Opp*. is
nevertheless timely.  *Id*. at 2-3 (citing Fed. R. Civ. P. 5(b), 6(a),
(d)).

Assuming that the *Motion for Reconsideration* was served on
October 4, 2012, which is the date reflected in the certificate of
service attached to the *Motion for Reconsideration*, the local rules
provide that defendants had twenty-one (21) days from that date to
respond to plaintiff's motion.  *See* S.D. Ohio Civ. R. 7.2(a)(2) ("Any
memorandum in opposition shall be served within twenty-one (21) days
from the date of service set forth in the certificate of service
attached to the Motion.").  However, under Fed. R. Civ. P. 6(d), an
additional three (3) days are added when computing service.[4]
Therefore, defendants' response was not due until October 28, 2012,
which fell on a Sunday.  Because the deadline fell on a weekend, Rule
6(a)(1)(C)[5] further extended the filing deadline to October 29, 2012,
which is the date that the *Combined Memo. in Opp*. was filed.  Because

---

system on other parties who are registered users of the system as provided in
Fed. R. Civ. P. 5(b)(2)(E)."
[4] "When a party may or must act within a specified time after service and
service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added
after the period would otherwise expire under Rule 6(a)."  Fed. R. Civ. P.
6(d).  Rule 5(b)(2)(C) addresses service by mail; (D) addresses leaving the
paper to be served with the clerk; (E) addresses sending it by electronic
means; (F) addresses delivering it by "any other means that the person
consented to in writing[.]"
[5] "[I]f the last day [of the period to respond] is a Saturday, Sunday, or legal
holiday, the period continues to run until the end of the next day that is
not a Saturday, Sunday, or legal holiday."  Fed. R. Civ. P. 6(a)(1)(C).

defendants' *Combined Memo. in Opp.* is timely filed, the *Motion to Strike* is **DENIED**.

**III. *MOTION FOR RECONSIDERATION***

Plaintiff seeks reconsideration of this Court's *Opinion and Order*, Doc. No. 196, advancing a variety of arguments and asserting that the Court should consider his motion as "one to alter or amend the judgment. FRCVP 59." *Motion for Reconsideration*, p. 4.

A court may grant a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) where there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). S*ee also Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) (finding that "the district court correctly treated the motion to reconsider as a motion under Rule 59 to alter or amend judgment"). In deciding a Rule 59 motion, the district court enjoys considerable discretion. *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). Here, plaintiff does not specify the basis, *i.e.*, clear error of law, newly discovered evidence, etc., upon which his Rule 59(e) motion rests. The Court nevertheless addresses plaintiff's specific challenges in turn.

First, plaintiff complains that the *Judgment*, Doc. No. 197, is incomplete because "it doesn't state how the action was tried or decided." *Motion for Reconsideration*, p. 1. Although no box on the *Judgment* is checked, the Court has explained its judgment. *See* Doc. No. 197 ("Judgment is entered in favor of the defendants. In

accordance with this order and the court's previous orders, including orders entered on March 17, 2010, and October 12, 2010, all claims against all defendants are hereby dismissed."). The *Judgment*, Doc. No. 197, cannot serve as a basis for altering or amending the judgment dismissing the action.[6]

Second, plaintiff argues that the *Opinion and Order*, Doc. No. 196, reveals a "want of solicitude" in violation of case authority holding that courts should treat *pro se* litigants with special solicitude. *Motion for Reconsideration*, pp. 1-2. Plaintiff apparently believes that the "want of solicitude" is evident in the Court's use of the words "rambling" and/or "convoluted" to refer to his arguments and is evident "in this Court's overall ruling as revealed in the following." *Id.* at 2. Contrary to plaintiff's assertion, however, the Court liberally construed plaintiff's *pro se* filings at the summary judgment stage. *See*, *e.g.*, *Opinion and Order*, p. 25. Moreover, the Court is aware of no authority, and plaintiff has pointed to none, granting a Rule 59(e) motion because a court acknowledges that a *pro se* litigant's arguments are rambling or are otherwise difficult to follow. Indeed, the United States Court of Appeals for the Sixth Circuit has used similar descriptions in the face of such *pro se* filings. *See*, *e.g.*, *Copeland v. Lockheed Martin Corp.*, No. 99-5788, 2000 U.S. App. LEXIS 15754, at *3 (6th Cir. June 30, 2000) ("His [plaintiff's] pro se, rambling brief has been

_____

[6] To the extent that plaintiff intends to argue that an apparent delay in receiving a copy of the *Judgment*, Doc. No. 197 (which was dated September 25, 2012 and purportedly received on October 2, 2012), serves as a basis for challenging the dismissal of this action, this argument likewise fails to persuade the Court that altering or amending the judgment is warranted.

6

construed as arguing those claims which he raised before the district court."); *Henke v. NLRB*, No. 98-5300, 1999 U.S. App. LEXIS 14930, at *4 (6th Cir. June 29, 1999) ("[Plaintiff] Henke's main argument in his convoluted *pro se* brief is that the [administrative law judge] abused his discretion by approving the settlement because it did not provide for full compensation for Henke's business losses."). Finally, to the extent that plaintiff believes that a "want of solicitude" is revealed in certain challenged portions of the *Opinion and Order*, Doc. No. 196, the Court addresses the merits of those particular challenges *infra*.

Third, plaintiff criticizes other rulings of this Court unrelated to the *Opinion and Order*, Doc. No. 196, as well as the Court's previous denial of plaintiff's prior motion to strike defendants' affidavits (declarations) supporting their motion for summary judgment. *Motion for Reconsideration*, p. 2. Although plaintiff provides no citation to the record for the recommended rulings that he now attacks, the docket reflects that plaintiff's prior objections to these rulings were considered years ago by the Court. *See Order and Report and Recommendation*, Doc. No. 54 (issued on November 24, 2009); *Plaintiff Whiteside's Objection to Order and Report and Recommendation*, Doc. No. 65; *Opinion and Order*, Doc. No. 66; *Report and Recommendation*, Doc. No. 103 (issued on November 22, 2010); *Objections to Magistrate's Report and Recommendation*, Doc. No. 105; *Opinion and Order*, Doc. No. 106; *Report and Recommendation*, Doc. No. 127 (issued on August 23, 2011); *Plaintiff's Objections to Report and Recommendation, Doc.# 127*, Doc. No. 135; *Opinion and Order*, Doc. No. 145. To the extent that plaintiff intends to again attack this

Court's prior consideration of declarations attached to defendants' motion for summary judgment, that attack has also been previously considered and rejected by this Court. *See Opinion and Order*, Doc. No. 196, p. 5. Plaintiff's attempt to re-argue his position in this regard is unpersuasive. *See*, *e.g.*, *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'") (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Fourth, plaintiff complains that the Court "ignored the probative value of all discovery materials attached [by plaintiff], thus failing to 'afford a special solicitude' to this pro se litigant." *Motion for Reconsideration*, p. 4. Plaintiff goes on to argue that "ignor[ing] the probative value of all discovery materials attached" to his motion for summary judgment is tantamount to holding that an inmate has no right to be respected by prison officials or, like the holding in *Scott v. Sandford*, 60 U.S. 393 (1857), that African-Americans had no rights that Caucasian-Americans must respect. *Id*. Plaintiff therefore contends that the Court should have "at least refer[red] to some of the [plaintiff's uncontroverted] discovery materials[.]" *Id*. (emphasis in original).

This Court disagrees. As an initial matter, plaintiff fails to specify upon what basis the *Motion for Reconsideration* in this regard is meritorious under Rule 59(e). However, the Court, construing plaintiff's motion liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), assumes that plaintiff intends to argue that the Court's

failure to expressly refer to his discovery materials amounts to a
"clear error of law" or results in "manifest injustice." *Intera Corp.
v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).  In ruling on the
parties' motions for summary judgment, the Court relied on only
material evidence in the record.  Stated differently, evidence on
which the jury could not reasonably find for plaintiff is not material
to the Court's summary judgment analysis. *See*, *e.g.*, *Anderson v.
Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251 (1986).  Accordingly, it
was not clearly erroneous or unjust under Rule 59(e) for the Court to
decline to refer to evidence in the record that does not create a
genuine dispute of material fact.  For example, plaintiff complains
that in defendant Haskins' "2011 affidavit [apparently referring to
*Exhibit B, Declaration of Melody Haskins*, attached to defendants'
motion for summary judgment, Doc. No. 157], she claimed that Plaintiff
possessed others' legal work.  However, in her discovery responses,
she states differently." *Motion for Reconsideration*, p. 2.
Notwithstanding that plaintiff has failed to cite to any particular
paragraph in the declaration or particular discovery request, the
Court is not persuaded that plaintiff's characterization of this
evidence is supported by the record.  Moreover, plaintiff has not
explained how this evidence is material to the Court's summary
judgment analysis in determining whether or not the three challenged
disciplinary rules are vague and lack fair notice. *See, e.g., Opinion
and Order*, Doc. No. 196, pp. 34-35 (citing plaintiff's criticism of
Rule 50).  In sum, plaintiff has not persuaded this Court that a

9

failure to cite to non-material evidence amounts to a clear error of law or otherwise results in manifest injustice.

Fifth, plaintiff argues that O.A.C. § 5120-9-07[7] was not in effect between 2004 and 2012 because O.A.C. § 5120-9-08[8] replaced § 5120-9-07 in 2004. *Motion for Reconsideration*, p. 3; *Plaintiff's Reply Memorandum to Defendants' Combined Memorandum in Opposition/Doc#201*, Doc. No. 203, pp. 1-2 (citing to *Exhibit A*, attached to *Combined Memo. in Opp.*, which is apparently the 2006 LexisNexis (Anderson) version of these Code provisions) ("*Plaintiff's Reply*"). Plaintiff contends that "at the time a conduct report was issued against Plaintiff, and since 2004, there <u>has been no provision</u> for conduct reports as the Court erroneously employs on page 10 of its judgment." *Motion for Reconsideration*, p. 3 (emphasis in original). Plaintiff therefore argues that "any conduct report written between June 2004 and June 2012 has been unlawful." *Id*.

Plaintiff's argument is not well-taken. Plaintiff does not so specify, but the Court presumes that plaintiff intends to argue that the challenged *Opinion and Order*, Doc. No. 196, commits a clear error of law under Rule 59(e). As an initial matter, however, arguing that O.A.C. § 5120-9-07 was not in effect and that the conduct reports issued to plaintiff in 2006[9] (and "any conduct report written between 2004 and June 2012") were "unlawful" on this basis goes beyond the allegations asserted in the *Amended Complaint*, Doc. No. 15, which

---

[7] This provision governs conduct report and hearing officer procedures.
[8] This provision governs disciplinary procedures for violations of inmate rules of conduct before the rules infraction board.
[9] The record reflects that the challenged conduct reports were issued in 2006. *See*, *e.g.*, *Exhibit B-1*, attached to the *Declaration of Melody Haskins*, attached to defendants' motion for summary judgment, Doc. No. 157.

complains that certain disciplinary rules are vague and lack fair notice.  *See*, *e.g.*, *Verified Complaint*, Doc. No. 4, ¶¶ A, 24, 26, 32; *Amended Complaint* (which incorporates by reference the allegations within the *Verified Complaint*); *Order and Report and Recommendation*, Doc. No. 54, p. 8 n.9 (construing plaintiff's claims liberally to include a claim involving Rule 51).  Indeed, plaintiff's arguments at the summary judgment stage focused on the language employed by the challenged disciplinary rules and how that language was subject to various interpretations and focused on the alleged proof required for finding a violation of such disciplinary rules.  *See*, *e.g.*, *Plaintiff's Motion for Summary Judgment*, Doc. No. 182, pp. 1-5, and *Declaration in Support of Plaintiff's Motion for Summary Judgment*, ¶¶ 12, 15-16, attached thereto; *Plaintiff's Memorandum Opposing Defendants' Summary Judgment Motion*, Doc. No. 183, p. 5, and *Plaintiff's Declaration in Opposition to Defendants' Motion for Summary Judgment*, ¶ 10, attached thereto; *Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment*, Doc. No. 189, pp. 3-4.  In short, in advancing the theory that all conduct reports issued between 2004 and June 2012 were unlawful, plaintiff is attempting to raise a new claim in this action.

Plaintiff first attempted to assert this new claim in a *Notice to the Court*, Doc. No. 191 ("*Notice*"), only after the parties' motions for summary judgment had been fully briefed, and nearly four years after initiating this action.  Even if the Court liberally construed the *Notice* to be a request for leave to amend pursuant to Fed. R. Civ.

P. 15(a),[10] granting leave to amend under these circumstances would result in undue delay and prejudice.  *See*, *e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) (considering such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment"); *Murphy v. Grenier*, No. 09-2132, 406 Fed. Appx. 972, at *977 (6th Cir. Jan. 19, 2011) (concluding that granting leave to amend would result in undue delay and prejudice where the motion for leave was not filed until after briefing on a summary judgment motion); *Tucker v. Union of Needletrades*, 407 F.3d 784, 788 (6th Cir. 2005) ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Rule 15(a).") (internal quotation marks and citations omitted); *Duggins v. Steak N' Shake, Inc*., 195 F.3d 828, 834 (6th Cir. 1999) (finding no abuse of discretion in denying leave to amend where movant "delayed [without justification] pursuing this claim until after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed" and granting leave "at this late stage in the litigation" would significantly prejudice defendants).  Therefore, plaintiff's attempt to assert this claim is unavailing.  *Id.*

Moreover, the *Notice* was filed without leave and was not fully briefed by the parties.  *Cf.* S.D. Ohio Civ. R. 7.2(a)(2) ("No

---

[10] The *Notice* may also be construed as a supplemental brief in support of plaintiff's motion for summary judgment or surreply to defendants' motion for summary judgment.  *See infra*.

additional memoranda beyond those enumerated [memoranda opposing a motion and reply memorandum in support of a motion] will be permitted except upon leave of court for good cause shown."); *Leeper v. Verizon Wireless*, No. 2:08-CV-0727, 2009 U.S. Dist. LEXIS 117187, at *29 (S.D. Ohio Dec. 16, 2009) (disregarding surreply filed without leave). Accordingly, plaintiff's proffered new claim, rooted in his interpretation of legislative history, was not properly before the Court at the summary judgment stage. *See*, *e.g.*, *Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007) (stating that a plaintiff may not assert new theories of relief in response to summary judgment or on appeal). Under these circumstances, the Court need not now consider plaintiff's belated theory of relief. *Id.*; *Willecke v. Kozel*, No. 09-1601, 395 F. App'x 160, 167-68 (6th Cir. Aug. 20, 2010) ("[T]he district court [is] not required to construe the [plaintiff's] request [to amend] in [its] brief [opposing summary judgment] as a motion to amend, and [it] does not err in not doing so" and declining to rule on such a request).

Even if the Court construed plaintiff's belated claim as properly before this Court, plaintiff nevertheless fails to establish a clear error of law. In advancing the argument that O.A.C. § 5120-9-07 was not in effect in 2006 because O.A.C. § 5120-9-08 replaced that provision in 2004, plaintiff relies on the legislative history as summarized in the 2006 LexisNexis (Anderson) versions of O.A.C. §§ 5120-9-07,[11] 5120-9-08.[12] *Motion for Reconsideration*, p. 3; *Plaintiff's*

---

[11] This history provides the following: "Replaces: 5120-9-07; Eff 4-5-76; 10-30-78; 3-24-80; 1-16-84; 7-18-97; 7-19-04[.]" O.A.C. § 5120-9-08 (Anderson

*Reply*, p. 1 ("Only persons who are functionally illiterate would not be able to read simple, plain English.") (citing to *Exhibits A* and *B* (the 2006 LexisNexis (Anderson) version of those provisions), attached to *Combined Memo. in Opp.*).  However, Anderson is not the official source for the Ohio Administrative Code; it is Baldwin's (a West publication) that is the official source.  *See* THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION 260 T.1 (Columbia Law Review Ass'n et al. eds., 19th ed. 2010).  In reviewing the official version of O.A.C. § 5120-9-07 (2006), nothing in the actual language of that Code provision suggests that the provision was not in effect in 2006.  To the extent that plaintiff argues that his interpretation of the history of O.A.C. §§ 5120-9-07, 5120-9-08 renders O.A.C. § 5120-9-07 void or ineffective, plaintiff is mistaken.  The actual text of the Code provision, which is clear, trumps plaintiff's reading of its legislative history.  *Cf. Thompson v. Greenwood*, 507 F.3d 416, 419 (6th Cir. 2007) ("[A] fundamental canon of statutory construction is that 'when interpreting statutes, the language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear.'") (quoting *United States v. Boucha*, 236 F.3d 768, 774 (6th Cir. 2001)); *Johnson, MacDonald & Assocs. v. Webster Plastics*, 856 F. Supp. 1249, 1253 n.2 (S.D. Ohio 1994) (noting that "Ohio has no official legislative history"); *DIRECTV, Inc. v. Levin*, 181 Ohio App. 3d 92, 105 (Tenth Dist. Ct. App.

---

2006), attached as *Exhibit A*, p. 3, which is attached to *Combined Memo. in Opp.*
[12] This history provides the following:  "Replaces: 5120-9-07; Eff 7-19-04[.]" O.A.C. § 5120-9-08 (Anderson 2006), attached as *Exhibit B*, p. 5, which is attached to *Combined Memo. in Opp.*

2009) ("Ohio has no official legislative history. . . .  As a consequence, a court may not resort to legislative history, such as the comments of a legislator regarding enactments, to alter the clear wording of the legislative enactment.") (internal quotation marks and citations omitted).  Therefore, the Court's reliance on O.A.C. § 5120-9-07 (2006) when addressing conduct reports and hearing officer procedures was not in error.  *See Opinion and Order*, Doc. No. 196, pp. 10-12, 21 (citing to O.A.C. § 5120-9-07(B)-(H) (2006)).[13]

Finally, plaintiff complains that the Court failed to rule on the constitutionality of Rules 28, 50 and 51 and/or explain its ruling. *Motion for Reconsideration*, p. 3.  This Court disagrees.  *See*, *e.g.*, *Opinion and Order*, Doc. No. 196, pp. 24-38 (discussing due process as it relates to plaintiff's claims regarding Rules 28, 50 and 51).

In sum, plaintiff does not point to a change of controlling law, new evidence, clear error or manifest injustice in the Court's *Opinion and Order*, Doc. No. 196, and therefore has not established a valid basis for altering or amending this Court's previous order and judgment.

IV.  ***REQUEST FOR JUDICIAL NOTICE* AND *PLAINTIFF'S MOTION FOR JUDGMENT FORTHWITH***

In light of the foregoing, plaintiff's *Request for Judicial Notice* and *Plaintiff's Motion for Judgment Forthwith* are moot.

---

[13] Even if one were to look to the legislative history of O.A.C. § 5120-9-07, that history does not necessarily establish that the regulation was not in effect in 2006.  *See*, *e.g.*, Ohio Monthly Rec. 2207-2208 (February 2004) (providing text of O.A.C. § 5120-9-07 with the following note:  "HISTORY: Eff. 7-19-04").

**WHEREUPON,** plaintiff's *Motion for Reconsideration of Court's Desultory Judgment*, Doc. No. 199, and *Plaintiff's Motion to Strike*, Doc. No. 202, are **DENIED**.  *Plaintiff's Request for Court to Take Judicial Notice*, Doc. No. 198, and *Plaintiff's Motion for Judgment Forthwith*, Doc. No. 205, are **DENIED as moot.**[14]

Date: April 25, 2013

                    _____s/James L. Graham_____
                    James L. Graham
                    United States District Judge

---

[14] Plaintiff apparently asks for "an opportunity to be heard" if there are "question[s about] the propriety of taking judicial notice and the tenor of the matter noticed[.]"  Plaintiff's *Request for Judicial Notice*, p. 1. Because this matter may be decided on the briefs and materials submitted to the Court, plaintiff's request for oral argument is not well-taken.